JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Susan Litcofsky and Harvey Litcofsky, hw

**(b)** County of Residence of First Listed Plaintiff  **Bucks**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
Jeffrey L. Dashevsky, Esquire; Dashevsky, Horwitz, Kuhn, Novello & Shorr; 10 Grove Street, Haddonfield, NJ 08033; 856-354-1700

### DEFENDANTS
Frontier Airlines, Inc.

County of Residence of First Listed Defendant  **Denver**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☒ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. § 1332
Brief description of cause:
Slip and fall on airplane

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** Less than $150,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE 1/22/16
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUSAN LITCOFSKY and<br>HARVEY LITCOFSKY, h/w,<br>847 Nathaniel Trial<br>Warwick, PA 18974.<br><br>v.<br><br>FRONTIER AIRLINES, INC.<br>7001 Tower Road<br>Denver, CO 80249. | CIVIL ACTION<br><br>No.: |

Plaintiffs, Susan Litcofsky and Harvey Litcofsky, husband and wife, by and through their counsel, Dashevsky, Horwitz, Kuhn, Novello & Shorr, complaining of Defendant state as follows:

## THE PARTIES

1. Plaintiffs, Susan Litcofsky and Harvey Litcofsky, h/w, are adult individuals who reside at 847 Nathaniel Trail, Warwick, PA 18974.

2. Defendant, Frontier Airlines, Inc., in a Colorado corporation with its headquarters and principal address located at 7001 Tower Road, Denver, CO 80249, and with a place of business located at Trenton Mercer Airport, 1100 Terminal Circle Drive, Ewing Township, NJ 08628.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as there exists complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. This Court has personal jurisdiction over Defendant, Frontier Airlines, Inc., by virtue of its: (1) transacting business within the District of New Jersey; (2) causing injury in the District of New Jersey by acts committed within the District of New Jersey; (3) causing injury in the District of New Jersey by acts committed outside the District of New Jersey while regularly doing business within, engaging in persistent

conduct within, and deriving substantial revenue from services rendered within the District of New Jersey; and, upon information and belief, (4) causing injury by its use and/or possession of real property within the District of New Jersey.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the incident at issue occurred herein, and because Defendant, Frontier Airlines, Inc., is subject to personal jurisdiction in this District.

## FACTUAL STATEMENT

6. On or about January 29, 2014, and at all times relevant and material hereto, Plaintiff, Susan Litcofsky (hereinafter "Plaintiff"), was a business invitee lawfully aboard Frontier Airlines Flight 903 (hereinafter the "subject flight"), which was owned and operated by the agents, servants, workmen and/or employees of Defendant, Frontier Airlines, Inc. (hereinafter "Frontier").

7. On or about January 29, 2014, Plaintiff boarded the subject flight at the Trenton Mercer Airport, 1100 Terminal Circle Drive, Ewing Township, NJ 08628, which flight was destined for Fort Lauderdale Airport, 100 Terminal Drive, Fort Lauderdale, FL 33315.

8. On or about January 29, 2014, Frontier, individually and/or by its agents, servants, workers and/or employees, owned, leased, operated, maintained and/or controlled Flight 903, including all areas accessible to and used by flight passengers for embarking on and disembarking from the subject flight.

9. At all times relevant and material hereto, Frontier, individually and through its agents, servants, workers and/or employees, had under its care and direction the supervision, control, custody and maintenance of the subject flight, including all areas accessible to and used by flight passengers for embarking on and disembarking from the subject flight.

10. At all times relevant and material hereto, Frontier, individually and through its agents, servants, workers and/or employees, were under a duty to inspect the areas traveled upon by passengers of the subject flight, including all areas accessible to and used by flight passengers for embarking on and

disembarking from the subject flight, and ensuring the safe passage of Plaintiff and other business invitees lawfully thereon.

11. Notwithstanding this duty, Frontier, individually and through its agents, servants, workers and/or employees, did on the aforesaid date and for some time prior thereto, carelessly and negligently maintain, repair, control and inspect the aforesaid areas which were caused, permitted and allowed to be, become and remain in a highly dangerous and defective condition, to wit: an accumulation of liquid on/around the passenger exit area of the subject flight, which accumulation was unnoticeable to Plaintiff and other business invitees lawfully thereon.

12. On or about the aforesaid date, while attempting to disembark from the subject flight, Plaintiff came into contact with the aforesaid dangerous and defective condition, causing her to fall and sustain serious personal injuries, hereinafter more specifically set forth.

13. At the time and place aforesaid, the carelessness and negligence of Frontier, individually and through its agents, servants, workers and/or employees, consisted of the following:

(a) failing to properly maintain the areas traveled upon by passengers of the subject flight, including all areas accessible to and used by flight passengers for embarking on and disembarking from the subject flight;

(b) Failing to properly label, mark, and/or identify by way of signs, warnings or notices the aforesaid dangerous and defective condition, or to take other necessary measures to warn Plaintiff and other business invitees;

(c) Failing to properly light the areas traveled upon by passengers of the subject flight, including all areas accessible to and used by flight passengers for embarking on and disembarking from the subject flight;

(d) Allowing the areas traveled upon by passengers of the subject flight, including all areas accessible to and used by flight passengers for embarking on and disembarking from the subject flight, to be, become and remain in a dangerous and unsafe condition;

(e) Failing to use reasonable and prudent care to keep the areas traveled upon by passengers of the subject flight, including all areas accessible to and used by flight passengers for embarking on and disembarking from the subject flight, in a safe condition;

(f) Failing to instruct its employees as to the proper care, maintenance and control of the areas traveled upon by passengers of the subject flight, including all areas accessible to and used by flight passengers for embarking on and disembarking from the subject flight;

(g) Permitting said condition to exist and remain so as to constitute a menace, nuisance, snare or danger for persons lawfully using the areas traveled upon by passengers of the subject flight, including all areas accessible to and used by flight passengers for embarking on and disembarking from the subject flight;

(h) Violating the various ordinances and laws of Mercer County, State of New Jersey, as to the maintenance, care and control and use of the subject flight;

(i) Violating the various ordinances, statutes and codes established by the Federal Aviation Act as to the proper care, control, inspecting, maintaining, and controlling of domestic flights; and

(j) Any other acts or omissions which constitute negligence, carelessness and/or indifference for the safety of Plaintiff and other business invitees that are discovered in the discovery process or at the trial of this case.

## COUNT I
## SUSAN LITCOFSKY v. FRONTIER AIRLINES, INC.

14. Plaintiff, Susan Litcofsky, incorporates herein by reference the averments contained in paragraphs 1 through 13, inclusive, as fully as though the same were herein more fully set forth at length.

15. As a direct result of the aforesaid carelessness and negligence of Frontier, individually and through its agents, servants, workers and/or employees, Plaintiff sustained severe and permanent internal and external injuries in and about the head, body and limbs, more particularly: post-traumatic acute cervical sprain and strain, post-traumatic acute thoracic sprain and strain; post-traumatic Grade 2-3 injury to the lateral ligaments of the left ankle; post-traumatic acute avulsion fracture of the left distal fibula; post-traumatic ecchymosis of the left ankle and left foot; post-traumatic acute aggravation of pre-existing tricompartmental degenerative changes with tears of the left medial and lateral menisci; post-traumatic left ankle and left foot chronic pain; post-traumatic complete rupture of the ATFL of the left ankle; and a severe and permanent shock to her nerves and nervous system, as well as various other injuries and conditions that may be established, all of which have caused her and will continue to cause her great pain and agony, and have

prevented her and will continue to prevent her in the future from attending to her daily duties and occupation, all to her great financial damage and loss.

16. Further, by reason of the aforesaid, Plaintiff has been obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure herself of her said injuries, and will be obliged to expend additional sums of money for the same purposes in the future, all to her great financial damage and loss.

17. As a further result of the accident and the injuries sustained therein, Plaintiff has and may suffer a severe loss of her earnings and impairment of earning capacity and power, all of which has been and will continue to be to her great financial damage and loss.

18. Further, as a result of the accident, Plaintiff has and/or may hereinafter incur additional financial and/or medical expenses or losses, all to her great damage and loss.

19. Plaintiff avers that Frontier had or should have had notice of the existence of the aforesaid dangerous and defective condition described in the prior paragraphs of this Complaint.

20. Plaintiff avers that her injuries and damages were caused solely by the negligence of Frontier, as hereinbefore set forth.

**WHEREFORE**, Plaintiff, Susan Litcofksy, demands judgment against Defendant, Frontier Airlines, Inc., in an amount not in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, plus interest and costs.

<u>**COUNT II**</u>
<u>**HARVEY LITCOFSKY v. FRONTIER AIRLINES, INC.**</u>

21. Plaintiff, Harvey Litcofsky, incorporates herein by reference the averments contained in paragraphs 1 through 20, inclusive, as fully as though the same were herein more fully set forth at length.

22. Plaintiff, Harvey Litcofsky, is the husband of Plaintiff, Susan Litcofsky, and resides with her at 847 Nathaniel Trail, Warwick, PA 18974.

23. As a direct result of Frontier's carelessness and negligence as aforesaid, Plaintiff, Harvey Litcofsky, was for a period of time deprived, may and probably will in the future be deprived of the society, assistance and support of his wife, Plaintiff, Susan Litcofsky, all of which has been and will continue to be to his great financial, physical, psychological and emotional detriment.

**WHEREFORE**, Plaintiff, Harvey Litcofksy, demands judgment against Defendant, Frontier Airlines, Inc., in an amount not in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, plus interest and costs.

DASHEVSKY, HORWITZ,
KUHN, NOVELLO & SHORR

DATE: 1/28/16           BY: _____
JEFFREY L. DASHEVSKY, ESQUIRE
New Jersey Attorney ID No.: 66624
Attorney for Plaintiffs
10 Grove Street, Haddonfield, NJ 08033
Telephone: (856) 354-1700
Fax: (856) 216-9554
JDashevsky@DashevskyLaw.com

## VERIFICATION

I, Jeffrey L. Dashevsky, Esquire, hereby state that I am the attorney in this action and verify that the statements made in Plaintiffs' Civil Action Complaint, are true and correct to the best of my knowledge, information and belief.

I understand that the foregoing statements are made subject to the penalties of perjury under the laws of the United States of America.

DASHEVSKY, HORWITZ,
KUHN, NOVELLO & SHORR

DATE: 1/22/16     BY: _____

JEFFREY L. DASHEVSKY, ESQUIRE
New Jersey Attorney ID No.: 66624
Attorney for Plaintiffs
10 Grove Street, Haddonfield, NJ 08033
Telephone: (856) 354-1700
Fax: (856) 216-9554
JDashevsky@DashevskyLaw.com

## **CERTIFICATION**

I, Jeffrey L. Dashevsky, Esquire, hereby certify that, to the best of my knowledge, the claims raised herein are not the subject of any other action pending in any court or the subject of any arbitration proceeding and no such other action or arbitration is contemplated.

I understand that the foregoing statements are made subject to the penalties of perjury under the laws of the United States of America.

DATE: 1/22/16

BY: DASHEVSKY, HORWITZ,
KUHN, NOVELLO & SHORR

/s/ Jeffrey L. Dashevsky

JEFFREY L. DASHEVSKY, ESQUIRE
New Jersey Attorney ID No.: 66624
Attorney for Plaintiffs
10 Grove Street, Haddonfield, NJ 08033
Telephone: (856) 354-1700
Fax: (856) 216-9554
JDashevsky@DashevskyLaw.com