NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SUSAN LITCOFSKY, et al., | : | CIVIL ACTION NO. 16-404 (MLC) |
| Plaintiffs, | : | **ORDER TO SHOW CAUSE** |
| v. | : | |
| FRONTIER AIRLINES, INC., | : | |
| Defendant. | : | |

**THE PLAINTIFFS**, who are Pennsylvania citizens, allege that the plaintiff Susan Litcofsky ("Primary Plaintiff") was injured while disembarking a commercial airplane. (See dkt. 1.) The defendant airline is deemed to be a Colorado citizen. (Id.; see dkt. 4.)

**IT IS UNCLEAR** whether the underlying accident ("Accident") occurred in New Jersey (i.e., from where the plane was scheduled to depart), or Fort Lauderdale, Florida (i.e., where the plane was scheduled to land). (See generally dkt. 1; see also dkt. 4 at 2 (defendant denies plaintiffs' allegation that New Jersey is proper venue for action); id. at 7 (defendant asserts venue affirmative defense).)

**THE COURT** has the broad discretion to transfer an action to a district where the action would have been more properly brought. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 875, 877 n.3, 883 (3d Cir. 1995); 28 U.S.C. § 1404(a). If the Accident occurred in Fort Lauderdale, then it appears that this action would have been more properly brought in the United States District Court for the Southern District of Florida, because:

(1) the injuries sustained by the Primary Plaintiff arose there; (2) the defendant can be found there, since it provides commercial flights there; (3) the district court there generally will have more of an interest in the conduct underlying the allegations, because the Accident occurred there; (4) many witnesses probably live and work near or within the Southern District of Florida; (5) the evidence concerning the Accident site will be found within the Southern District of Florida; and (6) the district court there can easily apply what may be controlling Florida law.  The Court also notes that the plaintiffs' choice of a New Jersey venue is accorded little deference, as the plaintiffs are not New Jersey citizens.  See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255–56 (1981).

**THE COURT** thus intends to order the parties to show cause why the action should not be transferred to the Southern District of Florida.

**FOR GOOD CAUSE APPEARING:**

**IT IS THEREFORE** on this   5th  day of April, 2016, **ORDERED** that the parties will **SHOW CAUSE** why the action should not be transferred to the United States District Court for the Southern District of Florida; and it is further

**ORDERED** that the parties, if responding, must file responses with the Court electronically by the following dates:

      April 15, 2016         Plaintiffs' response

      April 22, 2016         Defendant's response; and it is further

**ORDERED** that if a party fails to respond, then that party will be deemed to be in support of a transfer of venue; and it is further

**ORDERED** that the parties will refrain from filing any dispositive motions until this Order to Show Cause is resolved; and it is further

**ORDERED** that this Order to Show Cause will be decided on **MONDAY, APRIL 25, 2016**, or soon thereafter, without oral argument pursuant to Local Civil Rule 78.1(b).

                                    s/ Mary L. Cooper
                                **MARY L. COOPER**
                                United States District Judge