UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SUSAN LITCOFSKY and HARVEY LITCOFSKY, h/w,**<br><br>Plaintiffs<br><br>v.<br><br>**FRONTIER AIRLINES, INC.**<br><br>Defendant | CIVIL ACTION<br><br>No.: 3:16-cv-00404-MLC-DEA<br><br><br><br>**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE** |

Plaintiffs, Susan Litcofsky and Harvey Litcofsky (hereinafter "Plaintiffs"), h/w, who filed the within-captioned lawsuit by and through their counsel, Dashevsky, Horwitz, Kuhn, Novello & Shorr, hereby respond to the Honorable Mary L. Cooper's Order to Show Cause as follows:

## INTRODUCTION

1. On April 5, 2016, the Honorable Mary L. Cooper issued an Order to Show Cause, which stated:

   IT IS THEREFORE on this 5th day of April, 2016, ORDERED that the parties will SHOW CAUSE why the action should not be transferred to the United States District Court of the Southern District of Florida

## FACTUAL BACKGROUND

2. Plaintiffs, Susan Litcofsky and Harvey Litcofsky, h/w, are adult individuals who reside at 847 Nathaniel Trail, Warwick, Pennsylvania, 18974.

3. On January 29, 2014, Plaintiff, Susan Litcofsky (hereinafter "Plaintiff"), was a business invitee lawfully aboard Frontier Airlines Flight 903 (hereinafter the "subject flight"), which was owned and operated by the agents, servants, workmen and/or employees of Defendant, Frontier Airlines, Inc. (hereinafter "Frontier").

4. On January 29, 2014, Plaintiff boarded the subject flight at the Trenton Mercer Airport, 1100 Terminal Circle Drive, Ewing Township, NJ 08628, which flight was destined for Fort Lauderdale Airport, 100 Terminal Drive, Fort Lauderdale, FL 33315.

5. Upon landing in Fort Lauderdale, while attempting to disembark from the subject flight, Plaintiff came into contact with an accumulation of liquid on/around the passenger exit area of the subject flight, causing her to fall and sustain serious personal injuries, including, but not limited to, a fracture of the left distal fibula, with injuries to the lateral ligaments of the left ankle.

6. At the time of the incident at issue, Plaintiff was traveling with her daughter, Ellie Litcofsky, who resides with Plaintiffs at 847 Nathaniel Trail, Warwick, Pennsylvania, 18974.

7. Frontier employees witnessed the incident at issue; however, upon information and belief, these witnesses are neither based in, nor residents of, the Southern District of Florida.

8. Frontier maintains a principal place of business at 7001 Tower Road, Denver, Colorado; therefore, upon information and belief, corporate designees to testify on behalf of Frontier are neither based in, nor residents of, the Southern District of Florida.

9. Following the incident at issue, Plaintiff received emergency room care at Aventura Hospital and Medical Center in Clearwater, Florida; however, all other incident-related medical treatment was rendered within the Commonwealth of Pennsylvania, a regimen of treatment from a total of fourteen (14) distinct Pennsylvania medical facilities.

10. Medical records and documentation detailing Plaintiff's above-referenced treatment are located in the Commonwealth of Pennsylvania and not the Southern District of Florida.

## LEGAL ARGUMENT

11. As an initial matter, there is ordinarily a strong presumption in favor of a plaintiff's choice of forum. Piper Aircraft Co. V. Reyno, 454 U.S. 215, 255 (1981).

12. While the presumption is greater when a plaintiff has chosen his or her home forum, that is not to say that a foreign plaintiff's choice of forum is to be given no deference. See Piper Aircraft Co., 454 U.S., at 255 (explaining that the presumption still applies, but "with **less force** when the plaintiff or real parties in interest are foreign") (emphasis added).

13. Moreover, the rationale supporting the lesser presumption was explained as follows: "When the home forum has been chosen, it is reasonable to assume that this choice is convenient. . . . Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference." Piper Aircraft Co., 454 U.S., at 255-256. In the case at bar, Plaintiffs have effectively chosen their home forum: the District Court of New Jersey, an unquestionably more convenient venue than the Southern District of Florida, a courthouse located a mere twenty-two miles from their doorstep, closer even than the Eastern District of Pennsylvania, their actual "home forum".

14. When determining the relative propriety of pursuing a civil action in one of multiple venues, 28 U.S.C. § 1404(a) directs courts to look to the "convenience of parties and witnesses", among other factors.

15. As stated above, Plaintiffs reside in the Commonwealth of Pennsylvania. To require them to travel to the Southern District of Florida to litigate the case at bar would create enormous financial hardship for Plaintiffs, who are both retirees. The physical toll of pursuing this claim in Florida is similarly great: aside from mere miles traveled for the seventy-year-old Plaintiffs, their daughter is not physically well, suffering from a chronic condition, creating a risk of great physical hardship to her by requiring her to travel over one thousand miles away from her treating providers in order to participate in the litigation process. As such, for the "convenience of parties as indicated by their relative physical and financial condition", this matter should remain in the District of New Jersey. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).

16.   Frontier, which boasts that they "currently serve more than 30 cities in the United States, Mexico and Jamaica on more than 275 daily flights", cannot argue undue financial burden by having to litigate this matter in the District of New Jersey. To the contrary, as Trenton Mercer Airport serves as a hub for Frontier, litigating in this venue would allow for more convenient access to corporate records, documents, and witnesses.

17.   As to Frontier witnesses, upon information and belief, all witnesses to be produced by and on behalf of Defendant in this matter are neither based in, nor residents of, the Southern District of Florida. Indeed, given Trenton Mercer's status as a hub for Frontier, the likelihood that such witnesses live and work near or within the District of New Jersey is great. Accordingly, the "convenience of the witnesses" to be produced by Frontier would also be better served by litigating this matter in the District of New Jersey. See Jumara, 55 F.3d, at 879.

18.   Venue in the District Court of New Jersey would be immeasurably more convenient for non-party witnesses, such as medical providers, medical experts, and liability experts. With the exception of Plaintiff's post-incident emergency room visit, all care was administered within the Commonwealth of Pennsylvania. Moreover, advancing travel costs, compensating travel time, and boarding medical and liability experts in the Southern District of Florida poses the risk of an inordinate financial burden to Plaintiffs herein.

19.   Taking into consideration (1) Plaintiffs' choice of forum; (2) the convenience of the parties, party witnesses, non-party witnesses, and expert witnesses; and (3) the significant potential physical and financial hardship to Plaintiffs associated with litigation in the Southern District of Florida, this matter should remain in the District Court of New Jersey.

## CONCLUSION

In view of the foregoing, Plaintiffs submit that this matter should remain in the District Court of New Jersey, and should not be transferred to the Southern District of Florida.

DATE: 4/15/16

BY: DASHEVSKY, HORWITZ,
KUHN, NOVELLO & SHORR

JEFFREY L. DASHEVSKY, ESQUIRE
New Jersey Attorney ID No.: 66624
Attorney for Plaintiffs
10 Grove Street, Haddonfield, NJ 08033
Telephone: (856) 354-1700
Fax: (856) 216-9554
JDashevsky@DashevskyLaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUSAN LITCOFSKY and HARVEY LITCOFSKY, h/w,<br><br>**Plaintiffs**<br><br>v.<br><br>FRONTIER AIRLINES, INC.<br><br>**Defendant** | CIVIL ACTION<br><br>No.: 3:16-cv-0040-MLC-DEA |

**CERTIFICATE OF SERVICE**

I, Jeffrey L. Dashevsky, Esquire, hereby certify that I served a true and correct copy of Plaintiffs' foregoing Response to Order to Show Cause to the individuals identified below:

> The Honorable Mary L. Cooper
> Clarkson S. Fisher Building
> & U.S. Courthouse
> 402 East State Street
> Room 2020
> Trenton, NJ 2065
> ***Via USPS First Class Mail***

> Timothy G. Hourican, Esquire
> Brown, Gavalas & Fromm LLP
> 1118 Clifton Avenue
> Clifton, New Jersey 07013
> ***Via electronic filing & USPS First Class Mail***

DASHEVSKY, HORWITZ,
KUHN, NOVELLO & SHORR

DATE: 4/15/16     BY: _____
JEFFREY L. DASHEVSKY, ESQUIRE
Attorney for Plaintiffs